JAMES D. MATHESON ET AL., APPELLANTS, VS. SAMUEL B. THOMPSON, APPELLEE.

1. When a mortgage debt has been paid, and the mortgage afterwards assigned in form, and then foreclosed by the assignee without making the holder of the legal title a party to the foreclosure, in a suit by the latter to set aside the foreclosure decree, and the deed executed under it as a cloud upon his title, the mortgagees are not necessary parties.

2. Where two mortgages upon different parcels of property are given to secure the same debt, a payment and satisfaction of one is a satisfaction of both mortgages.

3. A foreclosure being had by the assignees of a satisfied mortgage under which a decree and deed are procured, a grantee of the mortgagor not being made a party, and having no notice of the proceeding until after a sale under the decree, such grantee may maintain a suit in equity to enjoin the parties from conveying or asserting claim to the property, and to annul such decree and deed, the same being a cloud upon his title.

Appeal from the Circuit Court for Duval county.

Samuel B. Thompson filed his bill in equity against James D. Matheson and Augusta S. Matheson, his wife, Charles E. Haile, and Elise W. Haile, his wife, and John S. Ramsey, in the Circuit Court for Alachua county, for the purpose of removing certain clouds upon the title to a lot

of land owned by him. The venue was changed to Duval county, where the Chancellor rendered a decree sustaining the bill, and the defendants (except Ramsey) appealed.

The bill alleges that on the twelfth day of June, 1857, one Alexander Matheson, being the owner of two lots of land known as lots two and three adjoining Gainesville, executed to Tillman Ingram and E. E. Adamson a mortgage on the lots of land and on a number of slaves, to secure a note of the same date given by Alexander Matheson to said Ingram and Adamson for $15,000, with interest. Afterwards, on the tenth day of March, 1858, Alexander Matheson conveyed by deed to complainant, S. B. Thompson, one of the lots, to wit: lot three, which deed was duly recorded on the 27th March, 1858. The bill alleges that on the 29th April, 1875, the defendants, Matheson and wife, and Haile and wife, filed their bill in equity in the Circuit Court of Alachua county against Alexander Matheson, the mortgagor, to foreclose the mortgage therein, alleging that in January, 1873, Ingram and Adamson, mortgagees, had duly assigned the mortgage to Mrs. Augusta S. Matheson, and that in October, 1873, Mrs. Matheson assigned to Mrs. Haile a certain share or interest in the mortgage. On the 20th September, 1875, Mrs. Matheson and Mrs. Haile and their husbands obtained a final decree of foreclosure in their suit and for a sale of said lots, and the same were sold by the sheriff under such decree to Mrs. Haile, one of the defendants, and a deed thereof was duly executed by the sheriff. Mrs. Haile, one of the defendants, afterwards conveyed complainant's lot to Ramsey, who mortgaged the same to Mrs. Haile to secure the purchase money. The bill charges that the note, which is mentioned in the mortgage, was not assigned by Ingram and Adamson to the defendants or either of them. That Ingram long before

the pretended assignment filed his petition in bankruptcy and assigned his interest in the mortgage to the assignee in bankruptcy, and that his pretended assignment to the defendants was void. That the said mortgage and the indebtedness thereby secured had been fully paid and satisfied, to wit: in February, 1859, and the same was satisfied of record, whereby the pretended assignment of Ingram and Adamson to these defendants, and the decree and sale thereunder were fraudulent, the defendants having notice of the satisfaction of the mortgage and of the complainant's title.

The bill prays an injunction restraining the defendants or either of them from selling, conveying or otherwise interfering with the lot as aforesaid conveyed to complainant.

The defendants answering admit the conveyance of the lot, number three, to complainant, and the recording of their deed as alleged, but deny that complainant had been in possession or paid taxes thereon. They deny that the mortgage was paid or satisfied. Aver that Mrs. Haile became the purchaser at the sale under the foreclosure proceedings. Deny that there was any fraud in the assignment of the mortgage, and that it was in all respects, "legal, fair and regular, and that they were innocent, *bona fide* purchasers of the mortgage, and that they paid a good, legal and valuable consideration therefor." That complainant's title is subsequent to and subject to the mortgage lien.

They deny knowledge of the satisfaction of the mortgage, and deny that any satisfaction or discharge thereof was of record. Deny that the foreclosure proceedings were fraudulent as to complainant's rights.

Defendant Ramsey admits that the lot, No. 3, was conveyed to him by Haile and wife in December, 1877, but denies that he had full notice of complainant's title, and

claims that he is an innocent purchaser, but had notice of the record of complainant's deed from A. Matheson, and insists that complainant's title was subject to the mortgage and claims title as against him.

Testimony was taken and the cause submitted to the court and a decree entered declaring the foreclosure proceedings to be of no force as against the complainant's title, setting aside the sheriff's deed under the decree and the deed of Haile and wife to Ramsey, and declaring them to be void and of no effect as against said lot, and directing the same to be cancelled of record, and enjoining defendants and all persons claiming through or under them from setting up any claim to the property claimed by complainant.

Appellants pray a reversal on the grounds:

1st. That the mortgagees Ingram and Adamson were necessary parties.

2d. That complainant's bill should be denied on account of his long delay in bringing suit.

3d. That complainant was not entitled to the relief sought, but at most had only a right to redeem under the mortgage.

4th. It was error to annul the foreclosure proceedings.

5th. It was error to annul the deeds to Mrs. Haile under the foreclosure sale, and her deed to Ramsey.

6th. The injunction was erroneous and the decree not warranted by the law and the evidence.

*J. J.* and *S. Y. Finley* and *W. W. Hampton* for Appellants.

*E. C. F. Sanchez* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

The first ground upon which a reversal of the decree is

prayed is that the mortgagees, Ingram and Adamson, are not parties to this suit.

This question is mooted now for the first time by the petition of appeal. No such question was made in the court below and this practice of suggesting new questions after an appeal is not entitled to much favor, especially, as in the present case, where no decree is prayed affecting persons who are not parties, and all the interests of present parties can be fully determined without the presence of others.

According to the pleadings of these parties the mortgagees had assigned their entire interest in the mortgage to one of the defendants. The mortgagees, therefore, had no interest in the mortgage or in its proceeds. If the mortgage was inoperative for any cause as against complainant by reason of any fraud or because it had been paid before it was assigned to Mrs. Haile, and this complainant had been made a defendant in the foreclosure proceedings of Matheson and wife and Haile and wife against the mortgagor, surely it cannot be denied that the present complainant could have interposed a defence to the foreclosure upon the grounds alleged in the present bill, though the mortgagees were not parties to the foreclosure suit.

This complainant seeks relief against the proceedings and conduct of the defendants, and not against the assignors of the mortgage, and the decree complained of by these appellants in no manner affects the mortgagees. We fail to comprehend in what respect or to what end they should have been made parties here.

The second ground of alleged error in the decree is that a long time had elapsed after the right to proceed had accrued, before this suit was commenced.

The sheriff's deed on the foreclosure against the mortga-

gor to Mrs. Haile bears date November 2, 1875, and was recorded December 21, 1877. On the 22d December, 1877, Mrs. Haile conveyed by deed to Ramsey. This suit was commenced March 4, 1878, about two and half mouths after the sheriff's deed and the deed to Ramsey came to light.

There is not to our knowledge any law of this State requiring the owner of real estate to commence suit against a party claiming title adversely, earlier than within two and a half months after his right of action accrues.

The remaining grounds of error are embraced in this: That the complainant was not entitled to the relief sought, but at most had only a right to redeem under the mortgage.

This involves a consideration of the facts presented by the pleadings and the evidence adduced by the parties.

The complainant's legal title by deed from Alexander Matheson in 1858 is admitted, but it is averred that this title is subordinate to the lien of the mortgage executed in 1857 by Alexander Matheson. Defendants claim that they derived title under the foreclosure of this mortgage; that at a sale thereunder Mrs. Haile was the purchaser, taking a deed from the sheriff, and afterwards conveyed to Ramsey, one of the defendants; that the mortgage foreclosed had been assigned by Ingram and Adamson to Mrs. Augusta S. Matheson, one of the defendants, who assigned an interest in it to Mrs. Haile, and Mrs. Matheson and Mrs. Haile, their husbands joining, foreclosed against Alexander Matheson, the mortgagor, and obtained the decree. The record of this foreclosure proceeding was put in evidence and consisted of a bill filed 29th April, 1875, on which is endorsed an admission of service signed by Mathe son; a subpœna with a like admisson of service; a certified copy of the mortgage; and a final decree signed by the

Judge September 20, 1875. No other papers appear in the case. The note mentioned in the mortgage is not there, and the testimony shows that it was not produced, nor a copy of it, and its absence was not accounted for. Neither was the original mortgage or the assignment of the mortgage produced or accounted for.

Upon the trial of the present case the complainant demanded the production of the assignment of the mortgage, and defendants' counsel declined to produce it. Its contents are not disclosed. The bill of complaint in the foreclosure suit recites that "on the 21st day of January, A. D. 1873, the said Tillman Ingram and E. E. Adamson, by their certain instrument under seal of that day and date, did duly and legally assign and transfer to your oratrix, the said Augusta S. Matheson, the said mortgage deed aforesaid, together with the consideration for which said mortgage was given." No mention of the transfer of the note to the assignee is made. Mr. Ingram, in his testimony in this case, says the note was "lost or mislaid."

The record of this mortgage is exhibited, and upon the margin of the record it appears something had been written and erased. Several witnesses testify that the words erased are partially distinguishable, and after examination with a magnifying glass they testify that the words erased were " settled in full," or " satisfied in full February 2, 185—, S. P. Beville, C—." S. P. Beville, at that time, was the acting clerk of the Circuit Court, having charge of the records. This mortgage and erasure are on pages 104, 105 and 106 of Book A. of Mortgages. When the erasure was done, or by whom, does not appear. Beville, the clerk, remembers nothing of the erasure.

It appears in evidence that on the 21st day of October, 1858, the same mortgagor, Alexander Matheson, executed to Tillman Ingram and E. E. Adamson another mortgage,

recorded October 23, 1858, in book of mortgages on pages 56 and 57, upon six hundred and forty acres of land, to se-cure the payment of the same note described in the mort-gage of June 12th, 1857. It appears further that on the second day of February, 1859, there was filed and recorded in "Sale Book A," page 59, the following paper: " We, Tillman Ingram and E. E. Adamson, acknowledge pay-ment and satisfaction of the mortgage given by Alexander Matheson to them and recorded in the clerk's office in Alachua county in book of mortgages on pages 56 and 57, October 23, 1858, and we, by these presents, discharge him and his heirs therefrom forever. In testimony whereof we have hereunto put our hands and seals this the second day of February, A. D. eighteen hundred and fifty-nine.

" TILLMAN INGRAM, [SEAL.]
" E. E. ADAMSON. [SEAL.]
" Sealed and delivered in presence of W. H. Babcock.
" T. W. McCAA."
" Recorded in Book of Mortgages on page 59, this 2d of February, 1859. S. P. Beville, D. C."

The original of this paper was glued on the margin of the record at page 57. The signatures of the parties and witnesses was satisfactorily proved. The witness, McCaa, is dead. The witness, W. H. Babcock, testified to the sign-ing by him as a witness to the signatures. He knew In-gram well, had been in business with him and knew his handwriting. From such knowledge he believes the sig-nature of Tillman Ingram to be in his handwriting. Would not have witnessed the paper without being re-quested by one of the parties signing it and being satisfied as to the genuinenesss of the signatures.

Ingram testifies that the mortgage of June 12, 1857, was not paid or satisfied in any manner. That the note was taken by him to Texas and " has been lost or mislaid, *as I*

*did not consider it of any value.* The mortgage was given for value, for real indebtedness to me of about $10,000. Transferred the mortgage to Mrs. Matheson about 21st January, 1873. Did not make entry of satisfaction or authorize it to be done. Never knew that Thompson had a deed of the lot." " I never signed any instrument of any kind in presence of Babcock or any one else releasing the mortgage, nor did I deliver any such instrument to the clerk of the court, nor did I authorize the clerk of the court, S. P. Beville, to cancel the mortgage for me."

Mr. Ingram's testimony relates to the satisfaction of the mortgage of June 12, 1857. He is certainly mistaken as to the execution of the paper acknowledging payment and satisfaction of the mortgage of October 23d, 1858, which had been held by him and Adamson to secure payment of the same note mentioned in the mortgage of June 12, 1857. His attention was not drawn to the mortgage of 1858 when he was giving his testimony, nor was the acknowledgment of payment and satisfaction of that mortgage with his name attached exhibited to him.

The language of that acknowledgment is that the mortgage of October 23, 1858, which describes the same note mentioned in the mortgage of 1857, was paid and satisfied. The payment and satisfaction of the mortgage legitimately means that the debt secured by it is paid and satisfied. The result was that the mortgage of June, 1857, was satisfied, the debt being paid. Mr. Ingram perhaps thought the mortgage of 1857 was a subsisting incumbrance of some sort upon the property because it was not cancelled of record, though he did not consider the note of any value.

A peculiarity of the proceedings is that in the transfer or assignment of the mortgage by Ingram no mention is made of the note, and in the foreclosure suit neither note or mortgage was produced, nor their absence accounted for,

nor does it. appear in what manner it was ascertained how much was due thereon as a basis of the decree. Mr. Ingram says the mortgage was given by Alexander Matheson to himself and Adamson to secure them for money due, and also as security for Matheson to Kirkpatrick & Co. and others. No account seems to have been taken to ascertain the amount actually due.

In the respects that the foreclosure was had without making this complainant a party, his deed being of record; that the note and mortgage were not produced or accounted for, that no evidence was taken as to the amount due, that the assignment was not produced to show what was assigned, that defendants in this suit declined to produce it, that the note and mortgage were of the age of sixteen years when the assignment is said to have been made, during which time no attempt seems to have been made to enforce the mortgage or to collect the amount due on the note, that eighteen years elapsed before the commencement of the foreclosure suit, in which suit nobody interested in the property was made defendant, that neither of the complainants had ever had possession of the note and nobody knows where it is, it is impossible to conceive that the complainant's property ought to be affected by such proceedings. See Buckmaster vs. Kelly, 15 Fla., 180. The foreclosure and sale, and the subsequent conveyance, are clouds upon his title which give him a standing in equity to maintain this suit. His deed was of record. The evidence of the payment of the mortgage debt was of record, and even the original satisfaction piece was pasted upon the record book. A memorandum by the clerk in the margin of the record of this mortgage, dated on the very day of the date of the satisfaction piece, to the effect that it was satisfied, had been not entirely erased. Whether this memorandum of the clerk was evidence of the satisfaction of the mortgage

or not, the fact remains that on that day the mortgagees acknowledged payment of the debt mentioned in it and the memorandum expressed the fact.

There is a large mass of testimony in the record which is totally irrelevant to the merits of the case. Who paid the taxes? (and both parties sought to prove they paid taxes) who was the reputed owner? The sale of the lots upon an execution against a party who had no interest in it, a conveyance by the mortgagees without a foreclosure, all these and other matters foreign to the case are of no legitimate consequence, but only encumber the record.

The decree is fully sustained by the evidence and is affirmed.